Louis Goldin et al., Appellants, v. Trustees of the Village of Ellenville, Respondent.— Greenblott, J. Appeal from a judgment of the Supreme Court in favor of respondent, dismissing the complaint, entered August 2, 1967 in Ulster County, upon a decision of the court at a Trial Term, without a jury. Appellants sue for a permanent injunction to enjoin respondent from disconnecting or interfering with their present water supply and ask that respondent be compelled to furnish them free water, as provided in a reservation contained in a deed by Jacob and Eliza Harp to respondent. Three of the appellants ask that all water charges paid by them since 1956 be remitted. On March 14, 1888, respondent was granted the right, by Jacob and Eliza Harp, to install a pipe line across their lands from the South Gully Brook to the Village of Ellenville. This right was given to respondent by warranty deed, subject to the reservation that respondent would construct two taps and provide water from those taps, without costs, to the Harps. Appellants are the successors in interest to a portion of the Harp land. They contend that the reservation providing for two water taps should be interpreted so as to allow free water to anyone who presently owns any part of the Harp farm. The crucial language of the deed is as follows: "Second parties and their successors or assigns hereby agree * * * to put in and maintain in good order a good and sufficient tap or faucet in said water pipe opposite the present tenant house of first parties or first parties lands and allow first parties to use lead take and conduct water from such tap or faucet sufficient for the family or household purposes of one family or house hold and also to put in and maintain * * * a line of pipe from the main pipe * * * to the barnyard near the same on the west side thereof and to conduct water to said barn yard in sufficient gravity for watering the stock on the farm of first parties only the use of such water to be free of all taxes or assessments to first parties". Since there is no evidence in the record which demonstrates that the "present tenant house" or the "barnyard" were once located on the appellants' land, it is unnecessary for us to decide what land, if any, is benefited by the covenant in the deed. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.